1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                 NORTHERN DISTRICT OF CALIFORNIA

6

7    GEORGE JARVIS AUSTIN,                        Case No. 21-cv-03208-SI

8                      Plaintiff,

9           v.                                    **ORDER GRANTING DEFENDANT'S
                                                  MOTION TO DISMISS**
10   KEMPER CORPORATION                           Re: Dkt. No. 88
     (INSURANCE),
11
                      Defendant.
12

13          Before the Court is defendant Kemper Corporation's motion to dismiss plaintiff George

14   Jarvis Austin's second amended complaint ("SAC") pursuant to FRCP 12(b)(6) and motion to strike

15   pursuant to FRCP 12(f).  The Court finds the matter appropriate for resolution without oral argument

16   and **VACATES** the hearing set for December 17, 2021.  Civil Local Rule 7-1(b). Because plaintiff

17   has failed to cure the factual deficiencies identified in this Court's dismissal of the First Amended

18   Complaint ("FAC"), the Court **GRANTS** defendant's motion to dismiss without leave to amend.

19   The motion to strike is therefore moot.

20

21                                           **BACKGROUND**

22          The Court detailed the factual background leading to Austin's lawsuit against Kemper in its

23   October 13, 2021 order granting defendant's motion to dismiss the FAC.  Dkt. No. 80 (FAC

24   Dismissal).  In short: a driver insured by Kemper rear-ended Austin, who then sought a settlement

25   from Kemper.  But Kemper was slow to respond or offer Austin a settlement—leading to Austin's

26   lawsuit alleging discrimination under state and federal law, breach of contract and insurance

27   contract, and bad faith.  The Court dismissed the FAC in its entirety for failing to plead factual

28   allegations supporting a plausible claim to relief.  Specifically, the FAC: (**1**) Failed to allege any

direct or circumstantial evidence permitting an inference of intentional discrimination as required by state and federal law, Dkt. No. 80 at 3-5; **(2)** Failed to provide proof that Austin had an insurance contract with Kemper which would form the basis of the asserted breach of contract and breach of insurance contract claims, Dkt. No. 80 at 5-7; and **(3)** Was foreclosed by *Moradi–Shalal v. Fireman's Fund Ins. Companies*, 46 Cal.3d 287, 250 (1988) from asserting a breach of the covenant of good faith and fair dealing which runs between an insurer and its insured—in this case, between Kemper and the third-party driver. Dkt. No. 80 at 7.

The Court dismissed the FAC with leave to amend. On October 13, 2021, Austin provided the Court with a document entitled, "Pre-existing Kemper Contract with Plaintiff, to pair with Special contract Duties commencing at time of Accident and when Plaintiff accepted, in writing Defendant's Kemper's Standard Adhesion Contract as Claimant." Dkt. Nos. 82, 82-1. Austin filed the SAC on October 22, 2021. Dkt. No. 84. Kemper filed its motion to dismiss and to strike on November 12, 2021. Dkt. No. 88.

## LEGAL STANDARD

A motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6) requires an inquiry into whether a complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. A court must accept as true all factual allegations in a complaint but need not accept as true "threadbare recitals" of a claim's legal elements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even *pro se* plaintiffs must satisfy the plausibility standard, *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982), although the court must "construe the pleadings liberally and [] afford the [pro se plaintiff] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

## DISCUSSION

Upon careful review of the SAC and the referenced submissions, the Court concludes the

United States District Court
Northern District of California

only material difference between the FAC and the SAC is an allegation that the document at Dkt. No. 82-1 evinces a pre-existing contractual relationship between Austin and Kemper. If the referenced contract obligates Kemper to indemnify Austin for his "$20,000(+) in Medical, and Medical relation costs…as well as over $100,000(+) missed wages" as alleged in the SAC, Dkt. No. 85 at 4, then the SAC adequately pleads breach of contract, breach of insurance contract, and bad faith.  However, the referenced contract creates no such obligation.

The document at Dkt. No. 82-1 is an insurance policy between Austin and Financial Indemnity Company, "A part of Kemper Specialty," that became effective on March 19, 2020. *Id*. at 5.  In that policy, Austin paid the insurer a $169 policy fee to indemnify him for liability arising from bodily injury and property damage ("BI-PD").  *Id*. at 1.  However, Austin did not elect coverage for: Medical Payments, Uninsured BI, Uninsured PD, Other Than Collison, Collision, Rental Reimbursement, Additional Equipment, CDW.  *Id*.

Had the SAC alleged that Kemper failed to indemnify Austin for the liability he incurred as the result of an accident (it does not), an executed insurance policy would permit a complaint to plausibly plead a breach of contract or bad faith based on a failure to indemnify.  Instead, the SAC continues to allege that Kemper should have reimbursed Austin for personal medical expenses and lost wages, pursuant to a contract between (1) the third-party driver and Kemper, and/or (2) a "contract" between Austin and Kemper.  This Court's earlier dismissal explained why Austin could not assert claims based on the third-party driver's insurance policy.  Dkt. No. 80 at 7.  The Court also carefully scrutinized the record to conclude that no contract emerged *after* the accident that would have obligated Kemper to settle with Austin.  *Id*. at 6.

Based on the SAC and its referenced documents, the Court now again concludes that there was no pre-existing contract that obliges Kemper to indemnify Austin for medical expenses and lost wages.  A liability insurance policy does not create a generalized duty for an insurer to pay all losses incurred by its insured, nor does a discrete contractual relationship give rise a broad covenant of good faith and fair dealings for claims completely unrelated to the contract.  Accordingly, the Court dismisses the FAC's second, third, and fourth claims for relief (breach of contract, bread of insurance contract, and bad faith).  Because the SAC has twice failed to proffer evidence that would

United States District Court
Northern District of California

establish the existence of the relevant contractual duties between Austin and Kemper, the dismissal is without leave to amend.

The Court similarly dismisses the discrimination claims without leave to amend.  The SAC failed to add any factual allegations that would cure the deficiencies identified in the Court's dismissal of the FAC.  At best, the SAC reiterates that Kemper delayed or refused to settle with Austin "in spite of" his race, not "because of" it.

Because the Court grants the motion to dismiss in its entirety, the motion to strike is moot.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss without leave to amend. The motion to strike is moot.

**IT IS SO ORDERED**.

Dated: December 15, 2021

_____
SUSAN ILLSTON
United States District Judge