UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JARVIS AUSTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>KEMPER CORPORATION (INSURANCE),<br><br>        Defendant. | Case No. 21-cv-03208-SI<br><br>**ORDER ON PENDING MOTIONS**<br><br>Re: Dkt. Nos. 100, 107, 109 |

Three motions remain pending in the above-captioned case, which concluded with judgment for defendant on December 15, 2021. Dkt. Nos. 95, 96. The Court rules as follows.

Plaintiff's motion for new trial, filed on December 17, 2021. Dkt. No. 100. The motion for a new trial is nearly identical to a motion for reconsideration plaintiff filed on December 15, 2021. Dkt. No. 98. The Court denied the motion for reconsideration due to plaintiff's failure to request leave under the Local Rules and further found the motion for reconsideration meritless. Dkt. No. 121. The pending motion for new trial relies on the same grounds asserted in the motion for reconsideration. The Court thus finds the motion for a new trial meritless for the same reasons articulated in the order denying plaintiff's motion for reconsideration. The motion for new trial is **DENIED**.

Plaintiff's motion to amend/correct clerk's notice, filed on December 22, 2021. Dkt. No. 107. Plaintiff's motion here is directed to a clerk's notice issued on December 22, 2021, vacating a hearing improperly calendared by plaintiff for December 23, 2021 for his motion for a new trial discussed above. Dkt. Nos. 106, 100. Plaintiff set the hearing to take place seven days after the filing of the motion for a new trial, in contravention of Civil Local Rule 7-2(a) which states "all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge

1  for hearing not less than 35 days after filing of the motion." The motion to amend/correct the clerk's
2  notice vacating his improperly set hearing is **DENIED**.

3  Plaintiff's motion for leave to appeal *in forma pauperis*, filed on January 23, 2022. Dkt. No.
4  109.  The Court is unable to ascertain whether plaintiff has already paid filing fees to the Ninth
5  Circuit pending the resolution of his motion.  Although plaintiff purports to attach receipts or
6  affidavit evincing that he has paid his appeal fees "in full," *see, e.g*., Dkt. Nos. 126-3, 125-3, 123-1,
7  none of the submitted materials are actual receipts from the Ninth Circuit.  In any event, plaintiff's
8  motion fails under Fed. R. App. P. 24(a)(1)(C) because he "has failed to demonstrate to this Court
9  that he has presented, or intends to present, any non-frivolous argument on appeal, and therefore he
10 does not meet the standard for IFP status on appeal." *Zambrano v. Gipson*, No. LA CV 15-01794-
11 VBF, 2016 WL 4060649, at *3 (C.D. Cal. July 6, 2016).  His motion for leave to appeal *in forma
12 pauperis* "provides no guidance as to the arguments petitioner intends to present on his pending
13 appeal, nor does his notice of appeal."  *Id*.  *See also Davis v. Ghosh,* No. 13-CV-4670, 2015 WL
14 3396805, at *7 (N.D. Ill. May 26, 2015) ("A motion for leave to proceed in forma pauperis on appeal
15 should set forth the issues Plaintiff plans to present on appeal."). The motion for leave to appeal *in
16 forma pauperis* is **DENIED**.

19 **IT IS SO ORDERED**.
20 Dated: June 23, 2022

_____
SUSAN ILLSTON
United States District Judge

2